IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-169-2H
No. 5:18-CV-593-H

JASON JEQUAN POWELL,  )
    Petitioner,  )
                       )
                       )
    v.                    )      **ORDER**
                       )
                       )
UNITED STATES OF AMERICA,  )
    Respondent.  )

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #82], and the government's motion to dismiss petitioner's motion to vacate, [DE #89]. Petitioner responded, [DE #108], and filed a motion to amend his § 2255 motion, [DE #109], which contents are considered herein. Petitioner also filed two letters requesting a status update and appointment of counsel. [DE #119 and DE #120]. The requests for counsel are DENIED. This matter is ripe for adjudication.

## BACKGROUND

On September 11, 2017, pursuant to a signed Memorandum of Plea Agreement, petitioner pled guilty to conspiracy to commit interference with commerce by robbery, in violation of 18 U.S.C. § 1951(b)(1) (Count One). Petitioner was sentenced by this court to a term of imprisonment of 156 months on January 10, 2018. Petitioner filed a notice of appeal, arguing through counsel that

he was improperly sentenced as a career offender because his offense of conviction, conspiracy to Hobbs Act Robbery, was not a crime of violence under United States Sentencing Guidelines ("USSG") § 4B1.2(a)(1) or (a)(2).  [DE #66 and No. 18-4060 DE #16 at 7, 13-18].  The appeal was dismissed by the Fourth Circuit Court of Appeals based on petitioner's appeal waiver.  [DE #78 and No. 18-4060 DE #23 Appellee's Brief].

On December 17, 2018, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, [DE #82], arguing that Conspiracy to Commit Hobbs Act Robbery no longer qualifies as a crime of violence to support his designation as a career offender pursuant to USSG § 4B1.1(a)(2).  [DE #82, #108, #109].  He relies on Sessions v. Dimaya, 138 S. Ct. 1204 (2018) (invalidating the residual clause of 18 U.S.C. § 16(b)) and United States v. Davis, 139 S. Ct. 2319 (2019) (invalidating the residual clause of 18 U.S.C. § 924(c)(3)(B)), as well as the fact that a conspiracy conviction has no overt act to support his argument.  [DE #82, #108, and DE #109].  The government moves to dismiss, arguing petitioner fails to state a claim upon which relief may be granted due to vague and conclusory allegations and the existence of a valid appeal waiver in this matter.  [DE #90].

## COURT'S DISCUSSION

As argued by the government, petitioner's claims are barred by a valid appeal waiver in this matter.  A criminal defendant may

2

waive his right to appeal or collaterally attack his conviction and sentence. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Appeal waivers are valid and enforceable where they are knowingly and voluntarily made. Id.

Here, Petitioner's plea agreement included a provision wherein Petitioner agreed to waive

> knowingly and expressly all rights . . . to appeal [his] conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Petitioner] at the time of [Petitioner's] guilty plea.

[DE #42 at 1-2].

Finding the Fourth Circuit already found the appeal waiver to be valid and finding that the issues raised fall squarely within the scope of the valid appeal waiver in petitioner's plea agreement, petitioner's 2255 motion must be dismissed.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #89], is GRANTED, and petitioner's motion to vacate, [DE #82], is DISMISSED. Petitioner's motion to amend, [DE #109], is hereby GRANTED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 5th day of May 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35