IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:17-CR-00169-M-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| JASON JEQUAN POWELL, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on Defendant's Motion for Compassionate Release. [DE 148]. Defendant seeks a reduction in his sentence on the grounds that *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), would now significantly lower his advisory guideline range. [DE 149 at 5]. After careful consideration, the court finds this is not an extraordinary and compelling reason for a reduced sentence. The motion is therefore denied.

## I.    Abbreviated Factual and Procedural History

On May 24, 2017, Defendant was charged in an Indictment with Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. §§ 1951(b)(1), and Interference with Commerce by Robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 1951(b)(3). [DE 1]. Pursuant to a plea agreement, Defendant pled guilty to the conspiracy charge, [DE 39 –40], and the remaining interference charge was dismissed. [DE 70].

At the sentencing hearing, the court applied a career offender enhancement on the basis that the instant offense and two of Defendant's prior convictions—Common Law Robbery and the combined offenses of Robbery with a Dangerous Weapon and Assault with a Deadly Weapon Inflicting Serious Injury—were crimes of violence for purposes of U.S.S.G. § 4B1.2(a). [DE 52,

74]. Defendant objected to the enhancement, arguing that neither the present offense nor his prior conviction of common law robbery qualified as a crime of violence. The court overruled the objection and sentenced Defendant to a term of imprisonment of 156 months. [DE 70].

Three years later, the Fourth Circuit held that Hobbs Act robbery is not a "crime of violence" for purposes of the career offender enhancement. *Green*, 996 F.3d at 184. Defendant now moves to reduce his sentence to no more than 105 months on the grounds that if he were sentenced today, his guideline range would have been reduced from 151–188 months to 84–105 months. [DE 149 at 5]. This, he argues, is an extraordinary and compelling reason to reduce his sentence. *Id.* at 6.

## II.     Legal Standards

Typically, a sentencing court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "Congress provided an exception to that general rule . . . which permits courts to reduce a sentence or permit immediate release based on extraordinary and compelling reasons warranting such relief." *United States v. Centeno-Morales*, 90 F.4th 274, 278 (4th Cir. 2024) (quoting 18 U.S.C. § 3582(c)) (cleaned up). Once, these requests could only come from the Director of the Federal Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). Following the passage of the First Step Act, however, federal inmates were authorized to directly file motions for compassionate release once they "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [at] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*; *see also Centeno-Morales*, 90 F.4th at 279.

In considering these motions, a district court must conduct a two-step analysis. *Id.* First, the court must determine whether a defendant is eligible for a sentence reduction because he or

2

she has demonstrated extraordinary and compelling reasons for release. 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). Any potential sentence reduction must also be consistent with applicable policy statements issued by the United States Sentencing Commission, and the Commission has promulgated a non-exhaustive list of circumstances constituting acceptable "extraordinary and compelling" rationales. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); U.S.S.G. § 1B1.13(b). Because this list is non-exhaustive, a district court "has authority to consider any 'extraordinary and compelling reason' that a defendant might raise, regardless of the Sentencing Commission's pronouncements or . . . definitions." *United States v. Hall*, No. 09-CR-0520, 2024 WL 1485724, at *1 (D. Md. Apr. 5, 2024) (citing *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)).

Second, if the court finds there are extraordinary and compelling reasons for a sentencing modification, it must then evaluate the relevant § 3553(a) sentencing factors. *Centeno-Morales*, 90 F.4th at 279. The defendant bears the burden of showing why the § 3553(a) factors justify a modified sentence, *id.*, and a court may deny the defendant's motion based on its own analysis of the factors, even if an extraordinary and compelling circumstance exists. *See United States v. Kibble*, 992 F.3d 326, 331–32 (4th Cir. 2021).

**III.    Analysis**

Based on the requirements of § 3582(c)(1)(A), Defendant's motion requires the court to consider (1) whether he exhausted his administrative remedies; (2) if so, whether extraordinary and compelling reason(s) exist warranting a reduction of his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors. The record reflects that Defendant has exhausted his available administrative remedies. [DE 149-1].

3

## A. Extraordinary and Compelling Reasons

Defendant seeks a reduced sentence based on the discrepancy between the penalty he was subject to at sentencing and the advisory guideline range he would face today. While it appears that the Fourth Circuit's decision in *Green* would now render Defendant ineligible for the career offender enhancement, given that Defendant's circumstances fall well outside of what the guidelines contemplate, this is not an extraordinary and compelling reason for a reduced sentence.

To be sure, this court is entitled to consider what effect *Green* would have on Defendant's guideline range. Contrary to the United States' position, Defendant did not invoke *Green* to "challenge the validity of his judgment." [DE 156 at 16]. To do so would have been inappropriate as "28 U.S.C. § 2255 is the exclusive remedy for challenging a federal conviction or sentence." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) (cleaned up). Instead, Defendant cites to *Green* to highlight what he considers to be a significant disparity between two potential sentences. *See Davis*, 99 F.4th at 657. This distinction is important because "[n]onretroactive changes in [the] law [are] relevant when a court has to decide when and how to modify a sentence." *Id.* at 658; *see also Concepcion v. United States*, 597 U.S. 481, 500 (2022); *McCoy*, 981 F.3d at 286. In fact, a district court abuses its discretion when it refuses to consider such arguments. *Davis*, 99 F.4th at 658. ("[T]he district court should have considered Davis's argument that he no longer qualifies as a career offender, and it abused its discretion when it failed to do so.").

The Sentencing Guidelines help courts do this. The policy statement issued by the Commission addresses how changes in the law should be considered when assessing whether a defendant has presented an extraordinary and compelling reason for a reduced sentence. In relevant part, the statement provides that:

> If a defendant received an unusually long sentence and has served at least [ten] years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

§ 1B1.13(b)(6).[1] To the extent these conditions are not met, a change in the law should not generally be considered an extraordinary and compelling reason for release. § 1B1.13(c).

At the outset, the court notes that even if Defendant were subject to an unusually long sentence, he has not served at least ten years of a term of imprisonment. The Guidelines do not quantify what an unusually long sentence is, and district courts have adopted widely differing standards for making that determination. *Compare United States v. Howard*, 2024 WL 112010, at *16 (D. Md. January 10, 2024) (finding that a 235-month sentence is unusually long because it is "significantly longer than the average of all sentences imposed nationwide in a given year"); *with United States v. Sanders*, 2024 WL 112010, at *17 (S.D. Ill. June 20, 2024) (finding that a 240-month sentence was not unusually long because it was not "abnormally longer than sentences for similar defendants"); *and United States v. Young*, 2024 WL 4393235, at *3 (D. Md. October 2,

---

[1] The United States also argues that the Sentencing Commission exceeded its statutory authority when it promulgated § 1B1.13(b)(6) because "no reasonable interpretation of ['extraordinary and compelling'] can encompass a nonretroactive or intervening change in the law." [DE 156 at 19]. The Supreme Court and the Fourth Circuit have disagreed. Prior to the issuance of the relevant policy statement, both courts held that a change in the law could be considered when presented with a motion for compassionate release. *Concepcion*, 597 U.S. at 499–500 ("Moreover, when raised by the parties, district courts have considered nonretroactive Guidelines amendments to help inform whether to reduce sentences at all, and if so, by how much . . . Nothing express or implicit in the First Step Act suggests that these courts misinterpreted the Act in considering such relevant and probative information."); *see also McCoy*, 981 F.3d at 287 ("[W]e see nothing inconsistent about Congress's paired First Step Act judgments: that 'not *all* defendants convicted under § 924(c) should receive new sentences,' but that the courts should be empowered to 'relieve *some* defendants of those sentences on a case-by-case basis.'"). *McCoy* was later superseded by § 1B1.13(b)(6), but the government's argument that "no reasonable interpretation" supported the Commission's decision is belied *McCoy* and *Concepcion*'s holdings.

5

2024) (assuming that a 444-month sentence is unusually long). The court need not choose which method to implement today, as in any event, Defendant has only been incarcerated for seven years and eight months.[2] This falls below the ten-year minimum contemplated by the Guidelines. The court finds that *Green*'s affect on Defendant's advisory guideline range is not an extraordinary and compelling reason for release. *See Davis*, 99 F.4ᵗʰ at 654.

B. Section 3553(a)

Defendant failed to present extraordinary and compelling reasons for a reduced sentence, so he is not entitled to relief. *See* 18 U.S.C. § 3582(c)(1)(A). Even if he had, the court would still decline to reduce his sentence after considering the factors set forth in §3553(a). *Id.* In the present case, Defendant proactively recruited Barry Laniel Bostic to carry out a robbery at a Little Caesars Pizza. He asked Mr. Bostic whether he had a gun, and he drove him to and from the restaurant. During the course of the offense, Mr. Bostic pointed his gun at a pregnant woman's stomach[3] and threatened to shoot her. This was Defendant's third conviction for robbery, and notably, all three involved the use or threatened use of a deadly weapon. In the 2008 robbery, Defendant attacked a woman with a knife, and during the 2014 robbery, Defendant threatened the victim with a pistol. Even while incarcerated, Defendant stated in a phone call that if he was released from jail and later stopped by police, he was going to "straight shoot out action." The imposed sentence appropriately reflects the need to provide for just punishment and protect the public from future crimes Defendant might commit.

The court recognizes that Defendant's behavior following his conviction has improved. From the documents provided, it seems that he has avoided incurring any disciplinary actions and

---

[2] Defendant has been incarcerated since his arrest on February 23, 2017. [DE 52 at 1].

[3] Notably, the victim was not visibly pregnant. The court only notes this fact to highlight the potential degree of harm created by Defendant's actions.

has worked consistently in the prison's laundry service as an orderly. [DE 149-2, 149-3]. The court applauds these efforts but finds they do not, on their own, overcome its analysis of the aforementioned factors. The imposed sentence remains appropriate.

For the foregoing reasons, Defendant's Motion for Compassionate Release is DENIED.

SO ORDERED this __13th__ day of November, 2024.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE